ROBERT P. SMITH, plaintiff in error, vs. JOSEPH HORNSBY et al., defendants in error.

1. A bought land from B, paying part of the purchase money and giving his note for the balance. He took B's bond for titles when the note was paid, and went into possession of the land. The note not being paid, was sued to judgment in the county of Henry, B living in Campbell county, where the land also was situated. After judgment, and after a portion of it was paid, B took possession of the land under a

.claim that the sale had been rescinded. and sold it to C, and transferred the execution to D, who also resided in Henry, who levied the execution on the land in Campbell county, and C, the second purchaser from B, filed his claim to the land in the superior court of Campbell county. In this state of the case A filed a bill in equity in Henry county against D in Henry, and against B and C, who lived in Campbell county, offering to pay the balance due, demanding a title and the possession of the land:

*Held,* that the bill should have been filed in Campbell county, and that the court in Henry had no jurisdiction.

2. A was not barred by the statute of limitations.

Jurisdiction. Venue. Statute of limitations. Before Judge HALL. Henry Superior Court. October Term, 1873.

Robert P. Smith filed his bill against W. J. Smith, of Henry county, Joseph Hornsby and James M. Gorman and his wife, Ophelia M., of Campbell county, and Samuel C. Weems, of Spalding county, making, in brief, the following case : On or about October 17th, 1859, one William H. Smith, the brother of the complainant, purchased from Joseph Hornsby certain lands situate in the ninth and fourteenth districts of Campbell county, comprising four hundred and forty-one and one-half acres, more or less, for $3,000 00. About the same time complainant purchased from his said brother his interest in said land and took a transfer of the bond for titles executed by said Hornsby. This was done with the consent of Hornsby, who received complainant's note for $1,605 00, the balance of the purchase money, due December 25th, 1860, said William H. Smith becoming security thereon. On March 12th, 1866, Hornsby brought suit against complainant and his security on said note, to the superior court of Henry county, and on October 15th next thereafter, obtained judgment thereon. On or about October 20th, 1867, he collected from the sheriff of Henry county $792 50, which had been raised from the sale of complainant's property. On November 14th, 1867, said Hornsby conveyed said lands to his step-daughter, Ophelia M. Austell, who has since intermarried with the defendant, James M. Gorman, of Campbell county. Said Ophelia took said deed with a full knowledge of complainant's rights in

the premises, and with the design of defrauding him out of said land.

In the year 1867, complainant was, on his own petition, adjudged a bankrupt by the district court of the United States, for the northern district of Georgia, and the defendant, Samuel C. Weems, of the county of Spalding, was appointed his assignee. On December 2d, 1867, the said Weems, fraudulently combining with the said Hornsby, entered into a written agreement by which he undertook to convey to the latter said bond for titles, held by complainant as aforesaid. Complainant subsequently withdrew his petition in bankruptcy.

In the year 1868, said Hornsby transferred the execution aforesaid to the security thereon, William H. Smith, who subsequently transferred the same to William J. Smith, of Henry county. Said defendant purchased said *fi. fa.* with a full knowledge of the equities of complainant, but he has nevertheless caused the same to be levied on the said lands in Campbell county. The defendants, James M. Gorman and wife, have interposed their claim thereto, which is now pending. There is now due upon said execution about $1,800 00. The land is worth about $4,000 00, and is of the yearly value, for rent, of $500 00. Gorman and wife has been in possession thereof for about five years. Complainant prays as follows:

1st. That the transfer of said bond for titles by Weems, assignee, to Hornsby, be decreed to be null and void.

2d. That the deed to said land executed by Hornsby to Ophelia M. Austell, now Gorman, be decreed to be delivered up to be canceled.

3d. That the defendant, William J. Smith, be enjoined from selling said lands under said levy until the further order of this court.

4th. That the defendants, James M. Gorman and wife, and William J. Smith, be enjoined from having said claim case determined until the trial of this bill.

5th. That the said William J. Smith be decreed to enter

said execution satisfied upon the payment of the amount due thereon, which the complainant is ready and willing to pay, and that the defendant, Hornsby, be then decreed to convey to complainant, by warranty deed, the lands aforesaid.

6th. That the complainant recover a general judgment against the defendants, Hornsby and Gorman and wife, for the rents aforesaid.

7th. That the writ of subpœna may issue.

A temporary injunction was ordered to issue on February 10th, 1872, and the bill was filed in office on the 2d of the following May.

The defendants demurred upon the following grounds :

1st. Because complainant has an ample common law remedy.

2d. Because the cause of action is barred by the statute of limitations, not having been sued prior to January 1st, 1870.

3d. Because the superior court of Henry county has no jurisdiction of a question involving the title to lands situate in Campbell county, no substantial relief being prayed against the defendant residing in the county of Henry.

The demurrer was sustained and complainant excepted.

D. J. BAILEY ; J. J. FLOYD ; S. C. McDANIEL, for plaintiff in error.

BOYNTON & DISMUKE ; SAMUEL C. WEEMS ; T. W. THURMAN, for defendants.

McCAY, Judge.

No substantial decree is sought against the only defendant living in the county of Henry. The bill admits that the execution is not paid and that complainant is bound to pay it. The whole equity sought is against the parties living in Campbell. The truth is, the Henry county defendant is not bothering the complainant at all. He has no possession of the land. That is held adversely by one of the Campbell county defendants, and so far, the defendant, Smith, resident in Henry is concerned, he is doing the very thing the complainant

wants—trying to subject the land to this debt. That it is subject, is the whole equity of the bill, and it is absurd to say that Henry county superior court has jurisdiction to decree this against the present holder of the *fi. fa.* when he is doing his very best, by a levy, to secure the sale. We think no substantial relief is sought against the Henry county defendant, and that the bill ought to have been dismissed.

Judgment affirmed.